Paul MORELLI, et al.

v.

**TIFFANY AND COMPANY, et al.**

**No. CIV.A.00–1961.**

United States District Court,
E.D. Pennsylvania.

Feb. 8, 2002.

Arthur G. Raynes, Raynes, McCarty, Binder, Ross & Mundy, Philadelphia, PA,

---

1. The court denied the motion orally from the   bench on January 31, 2002.

Manny D. Pokotilow, Salvatore R. Guerriero, Caesar, Rivise, Bernstein, Cohen & Pokotilow, Philadelphia, PA, for Paul Morelli, Plaintiff.

James B. Swire, Douglas C. Fairhurst, Dorsey & Whitney LLP, New York, NY, Dana Jeffrey Ash, Anthony L. Gallia, J. Scott Kramer, Duane Morris LLP, Philadelphia, PA, for Tiffany and Company, Defendant.

John Fargo, Dept. of Justice, Commercial Lit. Branch, Washington, DC, for Marybeth Peters, defendant.

### MEMORANDUM

BARTLE, District Judge.

This is an action for copyright infringement under 17 U.S.C. § 101 *et seq.*, as well as for unfair competition under federal and state law. Plaintiffs are Paul Morelli, a Philadelphia jewelry designer, and Paul Morelli Design, Inc.,[1] his corporation of which he is an employee and the sole shareholder. They allege that defendant, Tiffany and Company ("Tiffany"), has copied creative jewelry designs originating with Paul Morelli. Tiffany has moved to dismiss the copyright claim for lack of subject matter jurisdiction.

■ In order to institute a copyright infringement action, a party must either (1) have obtained a registration of the copyright from the Register of Copyrights in the Library of Congress or (2) have applied for a registration and had the registration refused by the Register. 17 U.S.C. § 411(a). Accordingly, an applicant does not have to be successful before the Copyright Office. Rather one must simply have made a proper attempt at registration. In this regard, § 411 of the Copyright Act provides in relevant part:

> In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.

17 U.S.C. § 411(a). The Copyright Office refused registration of Paul Morelli's work.

It is undisputed that in June, 1999, prior to the commencement of this lawsuit, Paul Morelli filed 18 applications for registration of certain jewelry designs. He was listed as the "author" of the works as well as the claimant.[2] The Copyright Office instructions which accompanied the application define an author as "the individual who actually created the work" except where the work was "made for hire." Under the latter circumstance, "the employee or other person for whom the work was prepared is considered the author." On the application form, the applicant must check a box indicating whether the work for which a copyright is being sought is a "work made for hire." In this case, the "no" box was checked in each instance.

The Copyright Act provides that if a work has been created by an employee during the scope of his employment, the copyright belongs to the employer who is considered the author unless the employer and its employee have signed a written agreement to the contrary. 17 U.S.C. § 201(b). Paul Morelli has no such agreement with Paul Morelli Design, Inc.

---

1. When suit was originally filed, only Paul Morelli was a plaintiff. On August 30, 2001 a second amended complaint was filed adding Paul Morelli Design, Inc. as a plaintiff.

2. According to the instructions appended to the application, the claimant and the author are the same except where the author has assigned or transferred the right to copy. This is not an issue here.

To qualify for copyright protection a work must be original to its author and possess a minimal degree of creativity. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,* 499 U.S. 340, 345, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). The Copyright Office refused the registrations on the ground that the jewelry did "not contain a sufficient amount of original artistic or sculptural authorship." Paul Morelli's administrative appeal within the Copyright Office was unsuccessful.

As noted above, the rejection of the applications, in and of itself, did not prevent Paul Morelli from suing Tiffany for infringement, and this action followed. During discovery, Paul Morelli testified that he created the jewelry in issue as an employee of Paul Morelli Design, Inc. He now concedes that his corporation is the author of the jewelry in issue and that the applications as submitted in 1999 were incorrect in this regard.

The gravamen of Tiffany's motion to dismiss is quite simple. It argues that under § 411 only the applicant for an unsuccessful registration may file an infringement action. Since admittedly Paul Morelli was not the proper applicant, he cannot sue for infringement. Likewise, because Paul Morelli Design, Inc., the author under the copyright law, was not the applicant, Tiffany asserts it is also barred from bringing this action. Plaintiffs maintain that the error is inconsequential and that the infringement claim should be allowed to proceed in the name of Paul Morelli Design, Inc.

The court held a hearing to allow the parties to adduce additional evidence, beyond the above undisputed facts, which the parties consider relevant on the jurisdictional question. Tiffany called three witnesses: Robert McCarthy, Esquire, Robert Zielinski, Esquire, and the plaintiff Paul Morelli. In January, 1999, Mr. McCarthy, along with another attorney in his office, prepared and submitted an application for registration for a piece of jewelry naming Paul Morelli Design, Inc. as the author and stating that it was "a work made for hire." Six months later, in June, 1999, the applications for the jewelry designs in issue were filed, identifying as the author Paul Morelli individually and not Paul Morelli Design, Inc. These applications were prepared and filed by a different attorney, Robert Zielinski, Esquire, a partner of Wolf, Block, Schorr & Solis–Cohen, who practices copyright law with that firm.

Based on the testimony of Mr. McCarthy, Mr. Zielinski, and Mr. Morelli, we find that Mr. Morelli, a jewelry designer, has little or no knowledge or sophistication in the nuances of copyright law. While he read and signed all the applications, they were filled out by the lawyers after discussion with him. For his part, Mr. Zielinski concentrated on the dates when the works were created. He knew that Mr. Morelli owned Paul Morelli Design, Inc. but did not ask Mr. Morelli much about it. Mr. Zielinski thought it was simply a marketing company and testified that even if he had known more, it may not have changed the way he prepared the applications because in his view the "work for hire" concept is blurred when a creator of a work is the sole owner of a company which employs him. It appears that Mr. Zielinski, on whom Mr. Morelli relied, was not as careful or thorough as he should have been in completing the forms. Nonetheless, the court finds that neither Mr. Zielinski nor Mr. Morelli engaged in any wilful effort to mislead the Copyright Office. Their conduct at most may have been negligent, but it clearly was neither in bad faith nor intentional wrongdoing.

It is generally established that inadvertent and immaterial misstatements on an application do not invalidate a copy-

right registration. *See* 2 Melvin B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.20[B]. As our Court of Appeals observed, "[the] view that an inadvertent omission from a registration application will render a plaintiff's copyright incapable of supporting an infringement action has not gained acceptance with the courts." *Masquerade Novelty, Inc. v. Unique Indus. Inc.*, 912 F.2d 663, 668 n. 5 (3d Cir. 1990); *see Urantia Found. v. Maaherra*, 114 F.3d 955, 963 (9th Cir.1997); *Data General Corp. v. Grumman Sys. Support Corp.*, 36 F.3d 1147, 1161 (1st Cir.1994).

■ The misstatements here were inadvertent. Accordingly, we now turn to the question whether they were material. "In general, an error is immaterial if its discovery is not likely to have led the Copyright Office to refuse the application." *Data General*, 36 F.3d at 1161; *see Eckes v. Card Prices Update*, 736 F.2d 859, 861–62 (2d Cir.1984).

Unlike the above actions, the copyright registrations here were refused, not granted. The basis of the Copyright Office's decision was the jewelry's lack of creativity. Thus, the question must be phrased slightly differently than in *Data General*. Instead, we must decide whether the misstatements about authorship would have made it likely that the Copyright Office would have rejected the applications if it would otherwise have granted the registrations.

There is no dispute that Paul Morelli was the actual creator of the works in question. It is also undisputed that he was and is the sole shareholder of Paul Morelli Design, Inc. For all present practical purposes, he and Paul Morelli Design, Inc. are one and the same. In *Thomas Wilson & Co. v. Irving J. Dorfman Co.*, 433 F.2d 409 (2d Cir.1970), the plaintiff corporation's president was improperly named as the author in a registration application instead of the corporation. Ap-

parently, that case, like this one, involved a work for hire. *See id.* at 412 n. 7. The court rejected defendant's attempt to defeat the copyright based on the misstatement. It explained, "the . . . error was minor, was made in good faith, and could not have affected the action taken by the Copyright Office." *Id.* at 412 Likewise, the error here was inadvertent, minor, and in good faith. It was not material. Significantly, the Register of Copyrights, who is an intervening defendant in this action, has not asserted that the designation of Paul Morelli rather than Paul Morelli Design, Inc. would have negatively influenced any decision made by her Office.

Section 411 of the Copyright Act also requires that an application be filed in proper form. Tiffany argues that Paul Morelli's 1999 applications were not in proper form and that as a result plaintiffs are barred from suing for infringement. Tiffany relies on the "supplementary" applications recently submitted by Paul Morelli Design, Inc. which seek to correct the author and dates of creation and to identify some of the works as derivative. The Copyright Office, while seeking to uphold its position that the jewelry is not copyrightable, rejects the notion that the 1999 applications were not in proper form. According to the Copyright Office, if the deposit and fee are paid and the application is not deficient on its face, it is in proper form and will be reviewed. We agree. On their face, the applications were complete and in order. No one contends that the deposit and fee were not paid. Thus, the form of the 1999 applications is not a basis for dismissing the infringement claim. *Cf. Proulx v. Hennepin Tech. Ctrs., District No. 287*, Civ. No. 4–79–637, 1981 WL 1397 (D.Minn. Dec.7, 1981).

The motion of Tiffany to dismiss the copyright infringement claim of Paul Mor-

elli Design, Inc. will be denied and the motion to dismiss the copyright infringement claim of Paul Morelli will be granted.

## ORDER

AND NOW, this 8th day of February, 2002, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1) the motion of defendant Tiffany and Company to dismiss the copyright infringement claim of plaintiff Paul Morelli Design, Inc. is DENIED; and

(2) the motion of defendant Tiffany and Company to dismiss the copyright infringement claim of plaintiff Paul Morelli is GRANTED.